UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                                      20-cr-037 (LAK)

WARREN ALEXANDER,

                Defendant.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Before the Court is the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

        On March 16, 2022, the defendant was sentenced principally to a term of imprisonment of 100 months. On August 7, 2024, the defendant moved for a reduction of sentence due to the state of New York's expungement of his criminal conviction for minor possession of marijuana,[1] which he argues would reduce his criminal history points and result in a sentencing guideline range of 77-96 months' imprisonment.

        After considering the record in this case and the submissions of the defendant, the Court finds that the defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed,

---

[1] The defendant asserts that his prior conviction for marijuana possession was automatically expunged, and claimed to attach the expungement certificate to his motion. *See* Dkt 101 at 3. However, no such attachment was included in the filing that was mailed to the Court. In any event, whether defendant's prior conviction was or was not automatically expunged has no bearing on the Court's ruling.

... but the rule of finality is subject to a few narrow exceptions."[2] The exception that the defendant invokes — Section 3582(c)(2) — applies only to sentences made pursuant to "a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."[3] New York's alleged expungement of the defendant's marijuana possession conviction, however, is not an amendment or revision of the sentencing guidelines by the Sentencing Commission made pursuant to 28 U.S.C. § 994(o). Thus, he is ineligible for this exception under federal law.

Additionally, the defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c) for the independently sufficient reason that the Section 3553(a) sentencing factors weigh heavily against any such reduction.[4] In particular, any reduction in sentence would be insufficient to reflect the seriousness of the defendant's crime, and he remains a danger to the community.

Accordingly, it is hereby ORDERED that the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (Dkt 101) is denied.

SO ORDERED.

Dated:   September 4, 2024

　　　　　　　　　　　　　　　　　　　　/s/ Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted).

[3] 18 U.S.C. § 3582(c)(2).

[4] This reasoning is also sufficient to deny the defendant's motion to the extent that it is construed as really being a motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1). The Court notes that it has already denied one such motion from the defendant. *See* Dkt 98.